# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 1:16CR484 |
| | ) | |
| AARON BOHL et al. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR *JAMES* HEARING AND INCORPORATED MEMORANDUM IN SUPPORT

Comes now, the accused, Kimberly Rayfield, by counsel, and moves the Court to hold a pretrial *James* hearing to determine admissibility of alleged co-conspirator statements. In support of this request, Ms. Rayfield offers the following:

### Background

Kimberly Rayfield is charged with with conspiracy to commit racketeering along with 38 other defendants. Ms. Rayfield worked at ECI as a correctional offier and is alleged to have engaged in acts of corruption involving one of her codefendants.

### Argument

**I.    This Court has the discretion to order a pretrial hearing on the admissibility of co-conspirator statements.**

Federal Rule of Evidence 801(d)(2)(E) permits the admission of co-conspirator statements made in furtherance of the conspiracy, which would otherwise be excluded under the hearsay rule, if the proponent of the evidence is able to show that a conspiracy exists, and that the statement was made in furtherance of that conspiracy. The statement itself cannot be the sole proof of a conspiracy. Fed. R.

Evid. 801(d)(2)(E)(stating that "[t]he statement must be considered but does not by itself establish the…the existence of the conspiracy or participation in it); *FTC v. Ross*, 743 F.3d 886, 894 (4th Cir. 2014)("It is true, of course, that the proponent for admission of a co-conspirator's out-of-court statement 'must demonstrate the existence of the conspiracy by evidence extrinsic to the hearsay statements.'") Moreover, the judge, and not the jury, must determine the existence and scope of the conspiracy, as well as whether the statement was made in furtherance of that conspiracy. *See* Fed. R. Evid. 104(a)(requiring judge to determine questions of admissibility); *United States v. James*, 590 F. 2d 575, 580 (5th Cir. 1979)(holding that under Federal Rules of Evidence, judge alone must determine admissibility of co-conspirator statements).  The Government must prove the conditions for admissibility by a preponderance of the evidence.  *United States v. Blevins*, 960 F.2d 1252, 1255 (4th Cir. 1992)

While the Fourth Circuit does not *require* district courts to hold pretrial hearings on the admissibility of co-conspirator statements, *See United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983), this Court undoubtedly retains the discretion to order such a hearing in an appropriate case, pursuant to its general trial management powers and the ability to decide the order of proof.  Some district courts in this Circuit, for example, have opted to require the Government to submit a proffer of the evidence on the admissibility of co-conspirator statements prior to trial in order to resolve admissibility questions.  *See United States v. Nelson*, 530 F. Supp. 2d 719, 728 (D. Md. 2008).

*Hines* held that where the district court conditionally admits a statement under Fed. R. Evid. 801(d)(2)(E), and the Government subsequently fails to produce evidence that the statement was made in furtherance of a conspiracy, the district court must be prepared to safeguard the defendant's right to a fair trial by "either [declaring] a mistrial or [dismissing] the case." *Hines*, 717 F.2d at 1488. Other Courts considering this question have noted that "the better practice is for the court to determine [admissibility] before" the evidence is admitted. *United States v. Jackson*, 627 F.2d 1198, 1218 (D.C. Cir. 1980); *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994)("The strongly preferred order of proof…is first to hold a…hearing outside the presence of the jury"); *United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979)(stating that "preferred order of proof" is to first hold a hearing to determine admissibility of co-conspirator statements).

For the reasons discussed below, this Court should require such a hearing in this case.

II. **A pretrial hearing on the admissibility of co-conspirator statements would serve the interest of judicial economy, reduce surprise, and ensure a fair trial**

If there was ever a case which called out for pretrial hearing on co-conspirator statements, it is this one. The government has indicted Ms. Rayfield along with 38 other defendants and an unspecified number of other persons "known and unknown to the grand jury" with participating in a RICO conspiracy beginning "at a date unknown to the grand jury." Unlike many racketeering indictments in the jurisdiction, the government makes no claim that the defendants were members of a

single criminal enterprise such as a gang. According to the indictment, the RICO enterprise is the prison itself.

With a conspiracy this large and ill-defined, it will be next to impossible for the Court to decide on the fly what hearsay statements, if any, qualify as co-conspirator statements. If it becomes clear part way through trial that the government cannot prove a single over-arching conspiracy, the record will be so polluted with error that a mistrial will be the only remedy. A pretrial *James* hearing is therefore necessary and proper.

## CONCLUSION

For the foregoing reasons, Ms. Rayfield respectfully moves this Court to order a pretrial hearing to determine the admissibility of co-conspirator statements.

Respectfully Submitted,

By:

/s/ *Charles Burnham*

Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1724 20th St. NW, Suite 304
Washington, DC 20009
(202) 386-6920 (phone)
(267) 390-7587 (fax)
charles@burnhamgorokhov.com

## CERTIFICATE OF SERVICE

I certify that this motion has been filed through the Court's CM/ECF system, which automatically sends a notice of such filing to all affected parties.

Respectfully Submitted,

By: /s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1724 20th St. NW, Suite 304
Washington, DC 20009
(202) 386-6920 (phone)
(267) 390-7587 (fax)
charles@burnhamgorokhov.com