**United States District Court for the District of Maryland**

**United States of America**  \*

    **v.**  \*  **Crim. No. 1:16-cr-00484-JKB-2**

**Bohl, et al.**  \*
    **[Rozlyn Bratten]**

**Motion to Dismiss Count One**

Pursuant to Fed. R. Crim. P. 12(b)(3), defendant Rozlyn Bratten moves to dismiss Count One in the Indictment (Doc. 1), the racketeering charge against her. In support she states:

1. Ms. Bratten has been charged along with several other people in two counts of a four count Indictment. Id.

2. Count One alleges 84 instances of wrongdoing. Id.

3. Only paragraphs 9 and 10 allege wrongdoing by her. Id. at 15.

4. Paragraph 9 indicates only "[i]n or about 2015, CO BRATTEN smuggled contraband into Housing Unit 1 for the Bloods gang." Id.

5. Paragraph 10 indicates only "[i]n or about 2015, CO BRATTEN smuggled contraband to inmates who identified themselves as Muslims." Id.

6. There is no specific reference as to when these two isolated acts occurred, other than a broad statement that they took place sometime in or about calendar year 2015.

7. Neither the alleged contraband is identified in the putative specification, nor is there any allegation that Ms. Bratten committed either or both

acts pursuant to the direction and control of anyone or for anyone's benefit other than herself.

8.   Even if the alleged overt acts and substantive crimes that have been charged were true, they are purely local and/or individual acts that have absolutely nothing to do with a racketeering enterprise.

9.   It is only by the government's bald allegation of a racketeering conspiracy that Ms. Bratten has been swept into this Indictment.

10.  It would be a gross injustice for her to have to defend against a racketeering charge when the there is no evidence to support the notion that she had a role in the alleged enterprise.

## Legal Principles

### I. Racketeering. 18 U.S.C. §§ 1951 et seq.

The statute governing Racketeer Influenced and Corrupt Organizations ("RICO") makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity … ." 18 U.S.C. § 1962(c).

The elements of a RICO conspiracy in violation of § 1962(d) are:

1. that there was an agreement among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity;
2. that the defendant knowingly and willfully became a member of that

agreement; and

3. that the defendant or another member of the conspiracy agreed to commit two racketeering acts.

See, L. Sand, et al., Modern Federal Jury Instructions – Criminal Instruction 52 – 28.

While proof of each defendant's managerial role is not required to sustain a RICO conspiracy, and a defendant need not engage in specific predicate acts or assume a management role to sustain a RICO conspiracy conviction under § 1962(d), the statute "does not criminalize mere association with the enterprise." *United States v. Mouzone,* 687 F.3d 207, 218 (4th Cir., 2012), quoting *Brouwer v. Raffensperger, Hughes & Co.,* 199 F.3d 961, 965 (7th Cir. 2000).

Instead, as with traditional conspiracy, criminal liability will attach only to the knowing "agreement to participate in an endeavor which, if completed would constitute a violation of the substantive statute." *Goren v. New Vision Int'l, Inc.,* 156 F.3d 721, 732 (7th Cir. 1998). The government must prove:

1. that an enterprise affecting interstate commerce existed;
2. that each defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise; and
3. that each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts.

*United States v. Wilson,* 605 F.3d 985, 1018 – 19 (D.C. Cir. 2010), *see also United States v. Posada–Rios,* 158 F.3d 832, 857 (5th Cir. 1998).

While agreeing to advance a RICO undertaking is sufficient, a defendant must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense. *Mouzone* at 218.

## II. "Enterprise" and a "Pattern of Racketeering Activity."

In order to prove a Racketeer Influenced and Corrupt Organizations ("RICO") violation, the government must prove both the existence of an "enterprise" and a "pattern of racketeering activity." See, 18 U.S.C. § 1961(1). A RICO enterprise may be "any union or group of individuals associated in fact although not a legal entity," 18 U.S.C. § 1961(4), if it involves "some structure, to distinguish an enterprise from a mere conspiracy."

An enterprise and the pattern of racketeering activity are not one and the same. An enterprise is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains a separate element that must be proven by the government. *See United States v. Turkette*, 452 U.S. 576, 582 – 583 (1981); *United States v. Griffin*, 660 F.2d 996, 999 (4th Cir. 1982).

To prove the existence of an enterprise, the government must establish that the associates are bound together by some form of organization and structure so that they function as a continuing unit, distinguishable from ordinary conspiracy. *Id.; See also, United States v. Perholtz,* 842 F.2d 343, 362 – 363 (D.C. Cir. 1988). The burden is satisfied only by evidence of an association having an ascertainable structure which exists for the purpose of maintaining operations directed toward an economic

4

goal and that organization's existence was separate and apart from commission of the predicate acts constituting the "pattern of racketeering" activity. *See, United States v. Tillett,* 763 F.2d 628, 631 (4th Cir. 1985); *United States v. Anderson,* 626 F.2d 1358, 1372 (8th Cir. 1980).

Just being a member of a group that repeatedly commits criminal acts does not necessarily show a RICO enterprise. For instance in *Perholtz*, the Court noted that while commission of the predicate acts might serve as evidence of the existence of the enterprise, "the same group of individuals who repeatedly commit predicate offenses do not necessarily comprise an enterprise." *Perholtz,* 842 F.2d at 363.

Since the Supreme Court's decision in *Turkette*, courts have formulated criteria for determining whether an enterprise is sufficiently separate and apart from the predicate acts themselves. For example, the Eighth Circuit has held that while a RICO conspiracy might be shown by proof that a group engaged in a diverse pattern of crimes or that it has an organizational pattern or system of authority beyond what was necessary to perpetrate the predicate crimes, the facts failed to establish an enterprise because there was no sharing of profits and "no real evidence of a structure, a pattern of authority or control, or of continuity in the pattern of association or the common purposes of all the defendants." *United States v. Bledsoe*, 674 F.2d 647, 665 – 667 (8th Cir.1982).

In *United States v. Bennett,* 984 F.2d 597 (4th Cir. 1993), the Fourth Circuit upheld a RICO conviction against the defendant's argument that "a pattern of racketeering activity" was unconstitutionally vague. After considering relevant

5

Supreme Court authority, however, the Fourth Circuit declined the government's invitation to join those circuits which bar vagueness challenges to RICO prosecutions generally. *Id.* at 605–07 (merits of vagueness challenge depend on facts of each case).

### III. Interstate Commerce.

In *United States v. Gray,* 137 F.3d 765, 772–73 (4th Cir.) (en banc), *cert. denied,* 525 U.S. 866 (1998), the Fourth Circuit found the evidence sufficient on three challenged elements of defendant's racketeering conviction. Specifically, the Court found sufficient evidence of: "(1) the existence of an enterprise, (2) its connection with interstate or foreign commerce, and (3) the existence of racketeering." *Id.* at 772 (internal quotations omitted).

Regarding the interstate or foreign commerce element, the Court noted that the enterprise involved heroin, and "that while the poppy seeds required to produce heroin are grown in Columbia, South America, the Far East, Southeast Asia, and Southwest Asia, they are not grown in Maryland." *Id.*

As a general rule, the naked statement that an act affected interstate commerce is not enough to support a conviction unless it is shown that the act had an explicit and concrete effect on interstate commerce, *United States v. Harrington*, 108 F.3d 1460, 1465 (D.C. Cir. 1997).

In *United States v. Lopez,* 514 U.S. 549, 558 (1995), the Supreme Court identified three areas that Congress may regulate pursuant to the Commerce Clause: 1) the channels of interstate commerce; 2) the instrumentalities of interstate

commerce; and 3) conduct that substantially affects interstate commerce.

A purely intrastate activity, if it may be regulated at all, may be regulated only pursuant to the third *Lopez* category. *United States v. Sullivan*, 451 F.3d 884, 888 (D.C. Cir. 2006) (Congress could not regulate Sullivan's conduct pursuant to the third *Lopez* category, because the conduct did not substantially affect interstate commerce).

## Argument

### IV. The Indictment on its Face Fails to Allege the Elements of a RICO Conspiracy against Ms. Bratten.

**A. RICO Enterprise Affecting Interstate Commerce.**

First, the government appears to allege that the Eastern Correctional Institution ("ECI"), operated by the State of Maryland, is a RICO enterprise, implying that the State, including elected and appointed officials are involved. Perhaps what the government means is that a group or groups of people at ECI operated a de facto RICO enterprise within ECI, but the Indictment (Doc. 1) does not say that. By not properly identifying a RICO enterprise, no one can say whether such an unidentified enterprise would have affected interstate commerce.

Nor can anyone say whether the alleged smuggling extended outside of Maryland, and had an "explicit" and "concrete" effect on interstate commerce. *United States v. Sullivan*, 451 F.3d 884 (D.C. Cir. 2006). Even if something were smuggled and was made outside of Maryland, that does not establish the requisite "substantial" affect. *Id.*

The allegations in the Indictment (Doc. 1) do not come close to the economic activity that is often attendant to criminal activity having some effect on interstate commerce, such as extorting money from businesses, robbing a bank, robbing a business or vehicle delivering goods or services across state lines. There has been no allegation of even a slight economic burden on commercial activity. Indeed, the character of the allegations is strictly local, without commercial impact and within the State of Maryland. *Cf. United States v. Edwards,* 98 F.3d 1364 (D.C. Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1437, 137 L.Ed.2d 544 (1997).

### B. Knowing and Intentional Agreement with Another Person to Conduct or Participate in the Affairs of the RICO Enterprise.

The allegations against Ms. Bratten do not demonstrate any type of knowing and intentional agreement with another person to conduct or participate in the affairs of an unidentified enterprise. The government does not allege what was smuggled. By not properly identifying either an enterprise or what was smuggled, no one can say whether Ms. Bratten knew and intentionally agreed with another person to conduct or participate in the affairs of an unidentified enterprise.

### C. Knowing and Intentional Agreement that He or Some Other Member of the Conspiracy Would Commit at Least Two Racketeering Acts.

Without knowledge of either an unidentified enterprise or what was smuggled, no one can say whether each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts.

8

Case 1:16-cr-00484-DKC   Document 608   Filed 06/06/17   Page 9 of 11

## V. Conclusion.

The government has strung together a disparate set of allegations and packaged them as a RICO indictment. No RICO enterprise is properly defined and identified. Accordingly it is nonexistent. Nor can anyone say whether Ms. Bratten knew and intentionally agreed with another person to conduct or participate in the affairs of an unidentified enterprise, or whether each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts.

This is contrary to the intent of Congress and in violation of the due process rights guaranteed to Ms. Bratten. The RICO count should be dismissed.

## Request for Hearing

Pursuant to Loc. R. 105.6, defendant requests a hearing.

## Table of Authorities

*Brouwer v. Raffensperger, Hughes & Co.,* 199 F.3d 961 (7th Cir. 2000).

*Goren v. New Vision Int'l, Inc.,* 156 F.3d 721 (7th Cir. 1998).

*United States v. Anderson,* 626 F.2d 1358 (8th Cir. 1980).

*United States v. Bennett,* 984 F.2d 597 (4th Cir. 1993).

*United States v. Bledsoe,* 674 F.2d 647 (8th Cir.1982).

*United States v. Edwards,* 98 F.3d 1364 (D.C. Cir. 1996).

*United States v. Gray,* 137 F.3d 765 (4th Cir. 1998).

*United States v. Griffin,* 660 F.2d 996, 999 (4th Cir. 1982).

*United States v. Harrington,* 108 F.3d 1460 (D.C. Cir. 1997).

*United States v. Lopez,* 514 U.S. 549 (1995).

*United States v. Mouzone,* 687 F.3d 207 (4th Cir. 2012).

*United States v. Perholtz,* 842 F.2d 343 (D.C. Cir. 1988).

*United States v. Posada–Rios,* 158 F.3d 832 (5th Cir. 1998).

*United States v. Sullivan*, 451 F.3d 884 (D.C. Cir. 2006).

*United States v. Tillett,* 763 F.2d 628 (4th Cir. 1985).

*United States v. Turkette*, 452 U.S. 576 (1981).

*United States v. Wilson,* 605 F.3d 985 (D.C. Cir. 2010).

18 U.S.C. § 1951.

18 U.S.C. § 1961.

18 U.S.C. § 1962(c)

Fed. R. Crim. P. 12(b)(3).

Loc. R. 105.6.

                                                                /s/  
                                          William L. Welch, III  
                                          111 South Calvert Street, Suite 2700  
                                          Baltimore, Maryland 21202  
                                          wlw@wwelchattorney.com  
                                          Telephone: (410) 385-5630  
                                          Facsimile: (866) 875-3758  
                                          Counsel for Rozlyn Bratten

**Certificate of Service**

      I hereby certify that on this 6th day of June, 2017 a copy of the foregoing Motion to Dismiss Count One was delivered electronically to Messrs. Leo Joseph Wise (Leo.Wise@usdoj.gov), Robert Reeves Harding (robert.harding@usdoj.gov), and

Daniel Charles Gardner (daniel.gardner@usdoj.gov) Office of the United States' Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201.

                                                                   /s/
                                         William L. Welch, III