**United States District Court for the District of Maryland**

| | | |
|---|---|---|
| **United States of America** | * | |
| v. | * | Crim. No. 1:16-cr-00484-JKB-2 |
| **Bohl, et al.** | * | |
| [Rozlyn Bratten] | | |

**Motion to Suppress Tangible and Electronic Evidence**

Pursuant to Fed. R. Crim. P. 12(b)(3)(C) and U.S. Const. amend IV, and defendant Rozlyn Bratten moves to moves to suppress tangible and electronic evidence, because these were taken as a result of an illegal searches and seizures by government agents. In support she states:

1. Government agents searched Ms. Bratten's home and seized a laptop, a cell phone, and papers including a diary.

2. Government agents also searched the electronic files on the laptop and cell phone.

3. While the government claims to have searched Ms. Bratten's home and seized a laptop, a cell phone, and papers pursuant to a warrant, the Affidavit relies on the Indictment (Doc. 1) which fails to allege a crime in Count One. See, S.A. Karen Franks' Affidavit of in Support of Search Warrant dated Oct. 3, 2016 at paragraph 8; App'x A.

4. No RICO enterprise is properly defined and identified.

5. Nor can anyone say whether Ms. Bratten knew and intentionally agreed with another person to conduct or participate in the affairs of an unidentified

enterprise, or whether each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts.

6. Agent Franks alleges that Ms. Bratten was smuggling, because other people, some of whom Franks identified, and more of whom she did not, said so. Franks' Affidavit dated Oct. 3, 2016 at paragraph 11 – 16.

7. While the government claims to have searched Ms. Bratten's laptop and cell phone pursuant to a warrant, that purported Affidavit has not been signed and the date has been changed from Mar., 2014 to Dec., 2016. See, App'x B at page 25.

8. Even if the Affidavit were signed and dated, it relies on the flawed prior warrant. See, App'x B at paragraph 34.

9. Apparently, Agent Franks alleges that Ms. Bratten was smuggling, because unidentified people said so. See, App'x B at paragraph 28 – 34.

10. There is no indication that any of the unidentified people are reliable.

11. The judicial officer had no ability to evaluate the source of the information.

12. Nor did the judicial officer have the ability to evaluate the adequacy of factual premises furnished by the source(s) and whether they supported the validity of the source(s) conclusion(s).

13. Considering that the government redacted five of the seven paragraphs alleging probable cause to search Ms. Bratten's laptop and cell phone, in this case it is fundamentally unfair to require her to meet the rigorous threshold requirements for a Franks hearing. *Franks v. Delaware*, 438 U.S. 154 (1978).

## Legal Principles

### I. Search & Seizure.

The Fourth Amendment to the U.S. Constitution prohibits unreasonable searches and seizures, and it requires probable cause for the issuance of warrants. The test for probable cause is whether the facts presented to a judicial officer establish a 'substantial probability" that the items sought will be found at the location to be searched. *Illinois v. Gates*, 462 U.S. 213 (1982).

There are two independent bases on which to challenge whether a search and seizure warrant was issued validly, which are 1) the underlying application and affidavit, and 2) the source of information utilized in those documents. In *Franks v. Delaware*, 438 U.S. 154 (1978), and its progeny, the Supreme Court established that a defendant may challenge the truthfulness and completeness of the factual statements made in the affidavit supporting a search and seizure warrant. In addition, the "fruit of the poisonous tree" doctrine provides that a defendant may show that unlawfully obtained evidence was used to obtain a search and seizure warrant.

*Franks* requires the defendant to bear the burden of production regarding alleged falsehood in a search warrant affidavit. The defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." 438 U.S. at 155-56. If the defendant makes the required preliminary showing,

then the Fourth Amendment requires a hearing at which the defendant must establish 1) the allegation of perjury or reckless disregard for the truth by a preponderance of the evidence and 2) that without the affidavit's false material, the remaining content is insufficient to establish probable cause.  A search warrant that fails the second requirement must be voided and the fruits of the search excluded as if the affidavit lacked probable cause on its face.

The presumption of validity with respect to the affidavit supporting the search warrant is a rebuttable presumption, *Franks* at 438 U.S. 171.  The defendant must provide an offer of proof that specifically indicates that portion of the warrant that is false.  The defendant should provide an affidavit or other reliable statement or explain their absence.

*Franks* applies as equally to facts that were omitted from the application and affidavit, as it does to committed misstatements. *United States v. Coakley,* 899 F.2d 297 (4th Cir. 1990).

The Supreme Court recognized limits to law enforcement's "good faith" in *United States v. Leon,* 468 U.S. 897 (1984).  These are:

> 1) When the judicial officer issuing the warrant was misled by an affidavit that the affiant knew was false or would have known was false except for his [or her] reckless disregard of the truth;
> 2) When the magistrate wholly abandons his [or her] judicial role;
> 3) When a warrant [is] based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'; or

    4) When the warrant is facially deficient (e.g., failing to particularize the place to be searched).

*Id.* at 923.

## II. Suppression.

If evidence is obtained illegally, then the question is whether it would have been found by means without taint. If not, then the remedy is exclusion. *Wong-Sun v. United States*, 371 U.S. 471 (1963).

## III. Standing.

A person has a legitimate expectation of privacy in her home that she owns and has standing to raise this issue. *Rakas v. Illinois*, 439 U.S. 128 (1978). All items found in her home enjoy "subjective expectation of privacy that society recognizes as reasonable." See *Kyllo v. United States*, 533 U.S. 27 (2001); *United States v. Ciraolo*, 476 U.S. 207 (1986); *United States v. Stevenson*, 396 F.3d 538 (4th Cir. 2005).

## IV. Staleness.

Time is a crucial element of probable cause. A valid search warrant may issue only upon allegations of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. *United States v. McCall*, 740 F.2d 1331, 1335–36 (4th Cir. 1984).

**Argument**

V. Law Enforcement Exceeded the Limits of "Good Faith."

   A. **The Judicial Officer Issuing the Warrant Was Misled by an Affidavit that the Affiant Knew Was False or Would Have Known Was False Except For Her Reckless Disregard of the Truth.**

Agent Franks alleged that Ms. Bratten was smuggling, because other people, some of whom Franks identified as inmates, and more of whom she did not, said so. Franks' Affidavit dated Oct. 3, 2016 at paragraph 11 – 16. She ignored that inmates have a powerful motive to lie, in the hope of shortening their sentences.

Even if the Affidavit were signed and dated, it relies on the flawed prior warrant. See, App'x B at paragraph 34.

   B. **The Magistrate Wholly Abandoned His or Her Judicial Role.**

Agent Franks alleged that Ms. Bratten was smuggling, because other people, some of whom Franks identified, and more of whom she did not, said so. Franks' Affidavit dated Oct. 3, 2016 at paragraph 11 – 16.

In the purported second Affidavit, apparently Agent Franks alleges that Ms. Bratten was smuggling, because unidentified people said so. See, App'x B at paragraph 28 – 34.

There is no indication that any of the unidentified people are reliable.

The judicial officer had no ability to evaluate the source of the information.

Nor did the judicial officer have the ability to evaluate the adequacy of factual premises furnished by the source(s) and whether they supported the validity of the

source(s) conclusion(s).

### C. The Warrant Is Based on an Affidavit So Lacking in Indicia of Probable Cause as to Render Official Belief in Its Existence Entirely Unreasonable.

While the government claims to have searched Ms. Bratten's home and seized a laptop, a cell phone, and papers pursuant to a warrant, the Affidavit relies on the Indictment (Doc. 1) which fails to allege a crime in Count One. See, S.A. Karen Franks' Affidavit of in Support of Search Warrant dated Oct. 3, 2016 at paragraph 8; App'x A.

No RICO enterprise is properly defined and identified. Nor can anyone say whether Ms. Bratten knew and intentionally agreed with another person to conduct or participate in the affairs of an unidentified enterprise, or whether each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts.

Agent Franks alleges that Ms. Bratten was smuggling, because other people, some of whom Franks identified, and more of whom she did not, said so. Franks' Affidavit dated Oct. 3, 2016 at paragraph 11 – 16.

While the government claims to have searched Ms. Bratten's laptop and cell phone pursuant to a warrant, that purported Affidavit has not been signed and the date has been changed from Mar., 2014 to Dec., 2016. See, App'x B at page 25.

Even if the Affidavit were signed and dated, it relies on the flawed prior warrant. See, App'x B at paragraph 34. Apparently, Agent Franks alleges that Ms.

Bratten was smuggling, because unidentified people said so. See, App'x B at paragraph 28 – 34. There is no indication that any of the unidentified people are reliable.

The judicial officer had no ability to evaluate the source of the information. Nor did the judicial officer have the ability to evaluate the adequacy of factual premises furnished by the source(s) and whether they supported the validity of the source(s) conclusion(s). While considerable deference is owed to the conclusion of the judicial officer who signed the warrant, that deference does not preclude meaningful review by the court. *See, United States v. Feliz*, 182 F.3d 82 (1st Cir. 1999).

There are significant questions concerning the reliability of the various cooperators, and their ability to observe Ms. Bratten, particularly at home. The government has not alleged that anything was stored or brought directly from her home.

**D. The Warrant Was Stale.**

The Indictment alleges two incidents of smuggling in or about 2015. One Affidavit is dated Oct. 3, 2016. App'x A. On the other one the date has been changed from Mar., 2014 to Dec., 2016. See, App'x B at page 25. Consequently, the Affidavits additionally suffers from the problem of staleness. *See, United States v. Charest*, 602 F.2d 1015 (1st Cir. 1979). *United States v. Hython*, 443 F.3d 480 (6th Cir. 2006).

## VI. Conclusion.

While the government claims to have searched Ms. Bratten's home and seized and searched her laptop, cell phone, and papers pursuant to warrants, in fact the government did so in violation of the law. The laptop, cell phone, papers and data should be suppressed.

## Request for Hearing

Pursuant to Loc. R. 105.6, defendant requests a hearing.

## Table of Authorities

U.S. Const amend IV.

*Franks v. Delaware*, 438 U.S. 154 (1978).

*Illinois v. Gates*, 462 U.S. 213 (1982).

*Kyllo v. United States*, 533 U.S. 27 (2001).

*Rakas v. Illinois*, 439 U.S. 128 (1978).

*United States v. Charest*, 602 F.2d 1015 (1st Cir. 1979).

*United States v. Ciraolo*, 476 U.S. 207 (1986).

*United States v. Coakley,* 899 F.2d 297 (4th Cir. 1990).

*United States v. Feliz*, 182 F.3d 82 (1st Cir. 1999).

*United States v. Hython*, 443 F.3d 480 (6th Cir. 2006).

*United States v. Leon*, 468 U.S. 897 (1984).

*United States v. McCall*, 740 F.2d 1331 (4th Cir. 1984).

*United States v. Stevenson*, 396 F.3d 538 (4th Cir. 2005).

*Wong-Sun v. United States*, 371 U.S. 471 (1963).

Fed. R. Crim. P. 12(b)(3)(C).

Loc. R. 105.6.

/s/
William L. Welch, III
111 South Calvert Street, Suite 2700
Baltimore, Maryland 21202
wlw@wwelchattorney.com
Telephone: (410) 385-5630
Facsimile: (866) 875-3758
Counsel for Rozlyn Bratten

**Certificate of Service**

I hereby certify that on this 6th day of June, 2017 a copy of the foregoing Motion to Dismiss Count One was delivered electronically to Messrs. Leo Joseph Wise (Leo.Wise@usdoj.gov), Robert Reeves Harding (robert.harding@usdoj.gov), and Daniel Charles Gardner (daniel.gardner@usdoj.gov) Office of the United States' Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201.

/s/
William L. Welch, III